CASE 69—PETITION ORDINARY—FEBRUARY 6.

## Cooper, &c., vs. Hill's adm'x.

**APPEAL FROM MARION CIRCUIT COURT.**

An attachment was discharged by the circuit court and reinstated by one of the judges of the court of appeals. The records of the suit having been burned, the plaintiff was required to supply the burnt records or submit to a nonsuit. He responded that he could not supply a complete record, and thereupon his petition was dismissed and his attachment *discharged without prejudice.* In a suit for damages on the attachment bond, the order of dismission and discharge, without prejudice, was, under the circumstances which superinduced it, no evidence that the attachment was wrongful, or even hurtful, but rather implied the contrary; and in this action, no other proof being offered by him, the plaintiff was entitled to no more than legal costs, taxable on the dismission of the attachment suit.

W. B. HARRIS,                                     For Appellants,

CITED—

8 *B. Mon.*, 51 ; *Pettit, &c., vs. Owen.*
3 *Littell*, 261 ; *Davis vs. Shreeve.*

8 *B. Mon.*, 198 ; *Dolin vs. Perkins.*
3 *Dana*, 321 ; *Churchill vs. Hewett.*

C. S. HILL,                   For Appellee,

CITED—

3 *Met.*, 98 ; *Shultz vs. Morrison.*
8 *B. Mon.*, 51 ; *Pettit, &c., vs. Owen.*
*Civil Code*, secs. 224, 222, 221, 249, 286.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In the year of 1856 the appellant, P. B. Cooper, and R. G. Hill, having been partners in trade and merchandise, which the latter alone chiefly managed, Cooper filed a petition in equity for a settlement, and asking a judgment for a large balance of about ten thousand dollars, claimed to be due to him by Hill. An allegation charging Hill with embezzlement and a sinister alienation of some of his property, and a fraudulent purpose of so disposing of all of it as to defeat Cooper's claim, he obtained an attachment on the estate then in his possession; but Hill, having executed an approved bond for securing any judgment which Cooper might obtain, was permitted to retain the property attached. Hill's answer traversed the material allegations of the petition. On the issues thus made, the case was elaborately prepared, and progressed for several years. After full and final preparation on the questions involved in the attachment, the circuit court discharged, *and a judge of this court reinstated the attachment.* In this state of the case, the clerk's office was burned by General John Morgan, and all its records consumed, on the 5th of July, 1863. In 1864 the circuit court made a rule on Cooper, requiring him to supply the burnt record or submit to a nonsuit He responded that he could not supply a complete record, and

thereupon his petition was dismissed, and his "attachment *discharged without prejudice.*"

Hill having died intestate, his widow administered on his estate, and, on the 6th day of February, 1865, brought this action on Cooper's attachment bond for securing any damages that might result to Hill from "a wrongful" attachment.

The petition alleges that the attachment was causeless, and the levy of it wrongful; and also sets forth the specific, as well as general, damages to a large amount. Cooper's answer, and that of his surety, justified the attachment and denied all claim to damages. The jury found a verdict for eight hundred and eighty dollars in damages, and the court, overruling a motion for a new trial, rendered a judgment for the damages so assessed.

On this appeal by Cooper from that judgment many questions are presented; but a radical objection to the maintenance of the action supersedes any consideration of subordinate questions incidentally arising in the progress of the case.

The order of dismission and discharge, *without prejudice,* was, under the circumstances which superinduced it, no evidence that the attachment was wrongful or even hurtful, but rather implied the contrary; and the reinstatement of the attachment by an appellate judge strongly implied that the proof then showed sufficient ground for it; and no material testimony concerning the attachment having been taken in the case after that judicial reinstatement, the presumption is that the record, when burnt, contained facts sufficient to uphold the attachment as rightful.

The appellee, resting on the dismission without any other evidence of the imputed wrongfulness of the attachment, has therefore failed to sustain his essential

cause of action; and, moreover, the appellant has proved in this case supplemental facts, not only fortifying the presumption from the reinstatement of the attachment, but in their own strength conducing to show sufficient cause for it.

Instead of showing damage to Hill from a wrongful attachment, it may not be improbable that his long persistence in a fruitless litigation may have subjected the appellant to a loss of a just and large debt. It would be peculiarly oppressive to add to that possible loss the assessment of eight hundred and eighty dollars for nothing. Consequently, the appellee does not appear to be entitled in this action to more than legal costs, taxable on the dismission of the attachment suit, and these may be presumed already paid.

Wherefore (Judge HARDIN absent), the judgment is reversed, and the cause remanded for a new trial.